FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISMAEL CANTU, SR., | No. 1:23-cv-03162-SAB |
| Petitioner, | |
| v. | **ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE** |
| STATE OF WASHINGTON, | |
| Respondent. | |

Before the Court is Petitioner Ismael Cantu Sr.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. Petitioner, a pretrial detainee currently housed at the Yakima County Jail, is proceeding *pro se*.

For the reasons set forth below, the Court will summarily dismiss Petitioner's habeas corpus Petition without prejudice. Thus, Petitioner's request to proceed *in forma pauperis* is denied as moot.

**SUMMARY DISMISSAL**

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Habeas Rule 1(b) provides that this Court

**ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE # 1**

may "apply any or all of these rules" to any habeas petition. Here, it is clear that Petitioner is not entitled to federal habeas relief at this time.

## HABEAS CORPUS CLAIMS

Petitioner claims that he served "extra time" and seeks monetary relief. ECF No. 1 at 8. Petitioner asserts that he is challenging his "calculated time" related to two Yakima County Superior Court cases from 2019 and 2021. *Id*. at 2, 6–7. He claims that he served 123 days related to a case from 2019 before he "bailed out." *Id*. at 6. He states that on January 5, 2022, he turned himself in on both a 2019 case and a 2021 case, and from January through August 31, 2022, Petitioner served eight months of his sentence, but he was not credited the 123 days from April 19, 2021 to September 27, 2021 "prior to bailing out." *Id*. Petitioner seeks to have his time served from June 19, 2021 to September 27, 2021 calculated and added to the time that he served from January 5, 2022 to August 31, 2022.[1] *Id*.

Specifically, Plaintiff requests "compensation money for the extra time [he] served." ECF No. 1 at 8. However, monetary relief is not an available remedy in a habeas action. *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (noting that "damages are not an available habeas remedy").

//
//
//
//
//
//
//

---

[1] Petitioner appears to use two different dates when asking for a recalculation of his time served. He argues that he wants his time recalculated starting on April 19, 2021, then asks to have his time recalculated from June 19, 2021. ECF No. 1 at 6.

**ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE # 2**

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition, **ECF No. 1**, is **DISMISSED** without prejudice.
2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment accordingly, provide copies to Petitioner, and **CLOSE** the file.

**DATED** this 29th day of November 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE # 3**